DEBT.

</div>

## Million *vs* Commonwealth for the use of Withers.

<div style="margin-note">

*Case 97.*

</div>

ERROR TO THE HARRISON CIRCUIT.

*Sheriff and his deputies.   Executions.   Prior lien.   Levy of executions.*

<div style="margin-note">

May 22.

The case stated.

</div>

JUDGE EWING delivered the Opinion of the Court.

THIS was an action of debt against Million, a sheriff, for a breach of his official bond.   The facts were agreed,

from which it appears that Million was sheriff of Harrison county and had appointed two deputies, one of whom, J. Henry, was to perform the duties of the office on the east side of Licking, which intersected the county from south to north, and the other, M. Moon, was to attend to the duties on the west side of the river; that an execution of *fi. fa.* was placed by the Relator in the hands of Henry on the 14th of June, 1839, in his favor against Manson and Aaron Ashbrook, the former of whom lived on the east side of the river, and the latter on the west side; that three executions in favor of other creditors against Aaron Ashbrook, were placed in the hands of M. Moon on the 21st of June, 1839; that the deputy, Moon, levied the three executions in his hands on the property of A. Ashbrook, and sold the same and paid the money to the plaintiffs in the executions that were in his hands; that, on the day of sale, he was shown the execution in favor of the relator and required to apply the money to that execution as the one which had come first to hand.

The question upon these facts is whether the sheriff is liable, upon his official bond, for the failure and refusal of his deputy, M. Moon, to pay the money made by him to the relator on his execution.

The following principles may be collected as settled by the various adjudications upon the statute of 29*th Chas. II, Ch.* 3, *Sec.* 16, and our own statute, 1 *Stat. Laws,* 636.

1st. That between execution creditors there is no priority of lien, other than that which is secured by a levy: 3 *J. J. Marshall,* 212, *Harrison* vs *Wilson;* 2 *Marshall,* 551–2; 4 *East's Rep.* 545, *Payne* vs *Drew.*

2nd. That when several executions are placed in the hands of different authorities, each competent to act, and commanded by the writ to do so, that the prior lien attaches in favor of the first levy, though made upon a junior execution, and one which came last to the hands of the officer: 4 *East, supra;* 3 *J. J. Marshall,* 212–13, *Kelly* vs *Haggin,* and authorities, *supra.*

But 3dly. To secure perfect fairness and impartiality in the officer, between execution creditors, when several ex-

Question for decision.

Principles settled by adjudications on 29 Chas. II, Chap. 3, Sec. 16, and our statute. See Stat. Laws, 636.

1st. Between execution creditors there is no priority of lien other than created by levy.

2nd. Where several executions are in the hands of sev'l authorities, (each competent,) priority of lien attaches in favor of prior levy.

3d. The same officer receiving different execu-

tions against the same defendant must levy that first which first came to hand.

ecutions are placed in the hands of the same officer at different times, he is required to levy that first which first came to his hands, and to apply the money accordingly: *Tabb* vs *Harris*, 4 *Bibb*, 29; *Arberry* vs *Noland*, 2 *J. J. Marshall*, 422, and authorities, *supra*.

The provision in the 8th section of our statute, *supra*, which directs the officer to pay the money upon the execution which first came to his hands, is applicable to the *same officer only*, and was intended to establish a rule, and inculcate its observance upon the officer, who had at the same time several executions in his hands, in favor of different plaintiffs, by which he might be guided in the impartial discharge of his duty, in the levy as well as in the payment of the money made, and was not intended to secure to either a prior lien over the rest.

If therefore, the office of sheriff is a unit, and the sheriff and his deputies constitute only a single officer or agent of the law, then it would follow from the foregoing principles, that the execution which first came to the hands of either, must be first levied and the money paid upon it; and a failure to levy or to pay, though the levy had been made upon an execution which came last to hand, would be an act of partiality which would amount to a breach of duty that would render the principal liable for the amount.

Tho' there may be many deputy sheriffs, there is but one office of sheriff in each county.

But though there may be many deputies, there is but one office of sheriff in a county, and that is filled by a single officer, to whom all process is directed as such, and who alone is looked to by the law, and required to do what is commanded by the precept to be done, and alone is rendered responsible for a breach or defalcation. He may have deputies and sub-agents, to assist in the performance of the duties injoined on him, but those deputies are not distinct officers, nor are they looked to or treated by the law as such, or made responsible for official defalcations. Though their ministerial powers cannot be limited or restricted by their princpal, what they do is done in his name and by virtue of the command of the process directed to him and under the authority conferred on him. What the law inculcates on him to

do, *they* should do, and when done, their acts have the same force and effect as if done by the principal.

When, therefore, an endorsement is made by a deputy of the time when an execution came to his hands, as required by the statute, it must be construed to have the same force and effect as if made by the principal, and if so, and the deputy's duty is precisely that which is inculcated upon his principal, as the officer of the law to whom the process is directed, it follows that as it would be unquestionably the duty of the principal to levy and pay the money upon the senior execution or the one which first came to hand, so it would be the duty of his deputies.

Had the executions which were placed in the hands of the two deputies, Henry and Moon, come to the hands of their principal, and he had made the endorsement, it certainly would have been his duty to pay the money on the senior execution, and giving to each of their endorsements the same force and effect as if made by himself, and making his duty theirs, it became equally obligatory upon his deputy, Moon, to make the same application of the money.

Nor can he complain of ignorance of the existence of a senior execution in the hands of the deputy, Henry, for he was apprised of it before the sale or payment of the money on the executions in his hands, and our statute expressly requires that "the execution which came first to hand shall be *first satisfied.*"

And though it has been settled that when executions come to the hands of distinct authorities, that a lien attaches in favor of that execution, though junior, which is first levied; yet it has also been determined in the construction of the statute of Charles the 2nd, *supra,* that if the same officer levy under an execution last delivered, he may apply that levy to the execution which was first delivered, though no warrant issued thereon: *Jones* vs *Atherton,* 7 *Taunt.* 56; *Hutcheson* vs *Johnson,* 1 *Term Rep.* 729. But had he sold the goods by virtue of the writ last delivered, the property of the goods was bound by the sale, and could not be seized under the first writ, but the party injured had his remedy against the officer:

*Margin notes:*

MILLION
*vs*
COM'TH. &c.

Endorsements made by deputies, of the time of receiving executions, are to have the same effect as tho' made by the high sheriff, and create the same legal obligations on him as if made by the principal.

Sheriff is bound to pay those ex'ons first which are first received though placed in the hands of different deputies.

*Smallcomb* vs *Buckingham*, 1 *Lord Raymond*, 251; 1st *Salk.* 320; *Com. Rep.* 35; *Payne* vs *Drewe*, 4 *East*, 523.

If, therefore, it were the duty of the deputy, Moon, to do that which was the duty of his principal to do, had he through mistake or ignorance of the prior execution in the hands of Henry, levied junior executions, when apprised of it, it was not only his privilege but his duty to sell under the senior and apply the money accordingly; and if even he had sold before notice of its existence, under our statute at least, he had the right, and it was his duty, at any time before he had parted with the money made, to apply it in satisfaction of the execution first delivered to the deputy, Henry.

And this construction of the powers and duties of the principal and his deputies, is calculated to produce harmony and concert of action among them all, and to prevent secret arrangements and collusions between any one of them, and the more cunning and artful creditor, to the injury of other creditors.

It is therefore, the opinion of the Court that the judgment of the Circuit Court be affirmed with costs and damages.

*Trimble* for plaintiff: *Curry* for defendant.