FRANCIS A. ROBINSON AND JOSEPH B. ROULHAC, APPELLANTS, vs. TERRELL H. YON AND OTHERS, APPELLEES.

1. The act of 1844 prohibits Sheriffs' sales, except upon the four sale days therein named, provided that when the levy is upon personal property, the replevy bond required by the statute shall have been given.

2. Such bond is not necessary where the levy has been upon real estate, which is not in its nature the subject of replevy.

3. The statute of 1855 does not allow a second replevy by the sureties in the first replevy bond.

4. A Circuit Judge, under the provisions of the act of 1844, has full power, either in term time or vacation, to correct, restrain and control the process of a Court of law, and no resort is necessary to the powers of the Court of Chancery in such cases, unless arising from the operation of independent equities apart from the process.

This case was decided at Marianna.

Appeal from Jackson Circuit Court.

The opinion of the Court contains a statement of the facts of the case, to which reference is made.

*W. E. Anderson* and *D. P. Holland* for appellants.

*A. H. Bush* and *Yonge & McClellan* for appellees.

PEARSON, J., delivered the opinion of the Court.

It appears from the record in this case that sundry creditors of F. A. Robinson had obtained judgments at law against him; that executions had been issued and a levy made by the Sheriff upon his property, when, taking advantage of the act of 1844, he gave a replevy bond for the forthcoming of the property levied upon. To this delivery bond Joseph B. Roulhac was surety. The defendant Robinson having failed to deliver the property to the Sheriff, according to the condition of the bond, a new execution was issued therefor, according to the statute, against both Robinson and his surety Roulhac. Under this second execution a levy was made upon the property of Roulhac as well as that of Robinson, and the same was advertised to be sold on the first Monday of April in the same year; whereupon Robinson and Roulhac bring their bill for an injunction to restrain the execution of this process. This application was refused by the Judge below, and upon this determination and refusal the

case comes up by way of appeal to this Court. The questions here presented for our consideration are, first, whether a Sheriff's sale can be legally made upon any other than the days designated in the statute of 1844 regulating Sheriff's sales, and, secondly, if so, whether the defendants stood in a condition to avail themselves of a second replevy after the original defendant in execution had once availed himself of the delay which is provided for in the statute, upon giving bond as therein directed. Our statute of 1844, regulating Sheriff's sales, provides that no judicial sales shall take place except upon the first Mondays of December, January, February or March, provided the defendant in execution tenders to the Sheriff the bond therein prescribed, conditioned for the forthcoming of the property levied upon. Since the passage of this act, it has been the practice and general understanding of the profession that Sheriff's sales could only take place on the days therein specified. While the language of the statute is peremptory that sales shall only be made on these days, it provides, as a condition precedent for obtaining the benefit of its provisions, that delivery bond shall be given to secure the plaintiff in execution, and these bonds have been held valid whatever fate might attend the property levied upon, for the reason that if the property dies or disappears the plaintiff in execution is prejudiced, as he might have had the benefit of a sale at once but for the interposition of the delivery bond.—See Alabama Reports.

The plainest and most ordinary rule in construing statutes is to suppose that the legislative power meant something by their enactment, and, upon the principle *magis valeat quam pereat*, give effect to such intention if it can be done. Now, in the matter of Sheriff's sales, the Legislature have fixed four days in the year only upon which

Robinson et al. vs. Yon et al.—Opinion of Court.

these sales may be made, evidently to relieve the people from the rigor of the then subsisting law, so that, at the close of the year, they might have opportunity of realizing their means to meet their engagements and liabilities. To sell the real estate of the defendant in execution would be as great an injury to him at an unreasonable period as the sale of his personal effects, and the main object of the law granting time and indulgence must have been the rescue of the debtor from the hard grasp of his creditor in all cases. With the reason or policy of this enactment we nothing to do. We find it on the statute book, and it is our duty to enforce it. To give it effect, we must suppose that the proviso requiring forthcoming bonds from defendants as a condition of securing the advantages of the statute was intended only to apply to personal property, which is perishable in its nature and might be subject to removal and delivery. Real estate is imperishable and immovable, is bound by the judgment and could neither be the subject of removal nor delivery, within the meaning and intent of the statute.

From this view of the statute, it follows, that while forthcoming bonds are necessary to obtain its advantages in case of a levy upon personal property, such bonds are not necessary in case of a levy upon real estate, to which the provision is inapplicable. By this construction the legislative intention will, we think, be carried out in whole and in part, and that relief afforded all execution creditors which it was intended to supply.

The act of 1855, amending the then existing law in relation to executions, provides expressly that there shall be no second replevy granted after the forfeiture of the first replevy bond. Roulhac, then, the security in the first replevy bond, stands in no better condition than his principal Robinson, the original defendant in execution, who

had, by his assistance, exhausted the relief afforded him by the statute. If Roulhac, under such circumstances, could be permitted to have a new replevy of his property, then his sureties upon bond might claim a similar advantage, and so on *ad infinitum*, from one set of sureties to another until no judicial sale could ever be had.

The resolution of these two questions is perhaps sufficient to dispose of this case, but there is another and different question touching the jurisdiction of the Court of Chancery involved, upon which this Court owes it to itself to express an opinion. This is a bill for injunction, alleging nothing material in behalf of the complainants beyond the fact that judgment and execution had been obtained against them at law, execution issued and levied and a sale about to be made in an irregular manner, upon a day not authorized by the statute of 1844. Upon considering the application for an injunction, the Circuit Court Judge must have taken these allegations to be true as upon demurrer. Suppose it were so, the question will arise, had the complainants adequate remedy at law? It is of great importance that the jurisdiction of the Courts of law and equity should be kept separate and distinct and the chancery power never invoked while remedy can be had at law. This is indispensable to avoid circuity of action and the delay of justice incident thereto. We see no reason why the complainant in this case might not have obtained from the Circuit Judge who rendered the judgment, either at chambers or in term time, a complete and perfect remedy for all the injury anticipated by his bill without proceeding in the Court of Chancery. This Court can only proceed in the exercise of its peculiar jurisdiction and can claim no power to restrain or control the process of a Court of law, unless its powers are brought into requisition by some latent equity not cognizable in a Court of

Robinson et al. vs. Yon et al.—Opinion of Court.

law. The Courts of law have full power to revoke, correct, restrain or quash their own process in.the course of their own ordinary jurisdiction. But, in this State, the very same act of 1844, under which this complaint is made, empowers the Circuit Judge to afford relief in and ample manner against all abuse of its the process. The sixth section is as follows: "That the Court bebefore which an execution is returnable, or the Judge in vacation, may, on application and notice to the adverse party, for good cause, upon such terms as the Court may impose, direct a stay of the same and the suspension of proceedings thereon until the first term of the Court thereafter, or until a decision can be had on the same." This statute was brought under the consideration of the Court in the case of Mitchel vs. Duncan, reported in the 7th vol. Florida Reports, page 13, for another purpose, but the argument there made shows the construction which the Court gives the statute. The Court there say: "The remedy, therefore, afforded by this statute, though analagous to that obtained by injunction, is more ample and convenient by reason of disposing of the question of equity jurisdiction and directing execution on the bond without a formal suit thereupon." The power, therefore, of a Court of law to afford relief in cases of this sort, though not precisely in issue and decided, is clearly indicated by the opinion delivered in the case referred to; and, in addition to this, there is a manifest impropriety in the Court of Chancery interfering with the process of a Court of Law, which is the peculiar property of that Court unless its jurisdiction is expressly claimed by equities alleged outside of and apart from the process.

The judgment of the Circuit Court must therefore be affirmed with costs.

*Note.*—DuPont, J., concurs in the judgment pronounced

and also in the rulings upon the construction of the statutes regulating Sheriff's sales, but is not committed to the views expressed in the opinion with regard either to the extent of the powers of the Court of law over the action of its officers or with reference to the jurisdiction of the Court of Chancery.