MICHAEL A. CLONTS, SHERIFF OF MARION COUNTY, PLAINTIFF IN ERROR, vs: H. L. RITCH, DEFENDANT IN ERROR.

1. A judgment is a general lien upon real estate, and a court of law cannot control that general lien by directing execution of the judgment against specific portions of the property of the defendant in execution to the exclusion of other portions equally subject to the general lien, on account of equities claimed to exist in favor of a person not a party to the judgment or execution.

This was a writ of error to the Circuit Court for Marion county.

The facts are fully stated in the opinion.

*E. M. L'Engle*, for the Plaintiff in Error.

*S. M. G. Gary*, for the Defendant in Error.

WESTCOTT, J., delivered the opinion of the court:

Adam L. Eichelberger is indebted to H. L. Ritch, the petitioner in the court below, in the sum of twelve thousand dollars, which is secured by mortgage upon certain real estate of Eichel-

berger in Marion county. At the date of the execution of this mortgage it is alleged that an examination of the offices of sheriff and clerk of the county disclosed no unsatisfied executions against the mortgagor, and a certificate of the clerk to the effect that no liens existed on the property was given. There was, however, at the time, in the hands of the ex-sheriff of the county, an unsatisfied execution against the mortgagor and Jacob W. Eichelberger and John B. Eichelberger in favor of one William Royall for the sum of six hundred and thirty-seven dollars and ninety-four cents. Upon this execution sundry payments had been made.

After the execution of the mortgage, upon application to the court, this execution was renewed for the balance alleged to be due, and was levied upon the lands embraced in the mortgage to Ritch, while other executions bearing date since the date of the mortgage were levied upon other lands of Eichelberger, the defendant in execution. Under this state of facts, Ritch, the mortgagee, files a petition in vacation before the judge of the circuit court setting up the facts before stated, as well as that the land upon which the executions junior to the mortgage were levied is of sufficient value not only to satisfy these executions, but as well all liens superior to the mortgage, including the execution in favor of Royall, and that the other defendants in execution with Eichelberger are possessed of sufficient property to satisfy the Royall execution, and prays "a *rule nisi* against Michael Clonts, sheriff, to show cause why said mortgaged lands have been levied upon, and why he does not levy and sell other property of the said Adam L. Eichelberger to satisfy all executions of superior lien to the said mortgage in favor of the said H. L. Ritch; and that if the said other lands be insufficient to satisfy said executions, then, and in that event, to proceed with the sale of the said mortgaged lands mentioned to satisfy the balance due thereon after the proceeds of the said sale shall be exhausted, unless, also, the said H. L. Ritch, or his attorney, shall fail to pay balance so found to be due as aforesaid, and that unless the said sheriff shall

show to this honorable court good and sufficient cause, that the said *rule nisi* be made absolute; and that until said cause shall be shown the said sheriff be enjoined from any proceedings which will prejudice the security of the said H. L. Ritch until the further orders of this honorable court," &c.

The judgment of the court, after demurrer, and motion to dismiss, and various proceedings, which it is unnecessary to mention further than to say they bring, in every aspect of the case, the matter of irregularity and jurisdiction to the attention of the court, was as follows:

" Upon reading and considering the petition and answer in the above cause, it is ordered, that the lands mentioned in said petition, and which are contained in the indenture of mortgage by Adam L. Eichelberger to H. L. Ritch, bearing date 16th March, 1866, shall not be sold to satisfy executions of superior liens to said mortgage until the proceeds of the sales of all other lands of the said Adam L. Eichelberger have been exhausted to satisfy the same, and then only in the event H. L. Ritch, his agent or attorney, shall fail to discharge and satisfy such deficiency after said proceeds have been exhausted."

A writ of error now brings this judgment here for review, and the errors assigned involve the points, whether a judge of the circuit court in vacation, sitting as a common law judge, can make such an order or hear and determine such proceedings, as well as the propriety of the order made.

From this statement of the case the question here is, can the judge of the circuit court, out of term, upon a petition filed against the sheriff by a mortgagee of a defendant in execution, direct the sheriff to proceed against particular portions of the property of the defendant in execution until they are exhausted, to the exclusion of certain other portions of the property which have been levied upon by the sheriff under the execution on account of certain equities which the mortgagee claims exists, and which, in his judgment, entitle him to an appropriation of the proceeds of the mortgaged premises *as against the plaintiff in execution,*

whom he claims has a general lien against the whole estate under a judgment at law, while his is only a special lien under his deed of mortgage ?

The mere statement of the proposition discloses that the sheriff, the officer who executes the process of the court in such a proceeding, is really little more than a *pro forma* party, and that the essential equities upon which the mortgagee bases his prayer for relief exist, if at all, between him and the plaintiff in execution. While this is true, the plaintiff in execution here is no party to the proceeding, and the execution of his judgment at law upon property subject to its general lien is controlled and postponed.

This judgment at law is a general lien upon the real estate of the defendant in execution at law; that general lien cannot be controlled in the manner here sought ; it is universal, and a court of equity, which corrects that wherein the law on account of its universality is deficient, is the only tribunal possessed of the necessary appliances as well as power to act in such manner, which, while it protects all, it sacrifices none to extend that protection.

A court of law cannot, either in term or vacation, pass such an order as this.

The defendant in error insists that the judges of the circuit courts, as courts of law, have such power under the statutes of this State.

There is no claim here that the execution issued illegally, nor is this a proceeding instituted by the defendant in execution under the provisions of the act of February 15th, 1834. Thomp. Dig., 360, §1.

The only other statute which regulates the power of courts of law over their own process is the act of March 15, 1844, which provides " that the court before which an execution is returnable, or the judge in vacation, may, on application and notice to the adverse party, for good cause, upon such terms as the court may impose, direct a stay of the same, and the suspension of the proceedings thereon until the first term of the court thereafter,

Michael A. Clonts, Sheriff, &c., vs. H. L. Ritch—Opinion of Court.

or until a decision can be had on the same." The "adverse party" indicated in this section is not the sheriff in such a case as this.

The section above was incidentally alluded to in the case of Mitchell vs. Duncan, 7 Fla., 14, but that case involved no question except whether the act of 1844 repealed the act of 1834.

In the case of Robinson et al. vs. Frew et al., 8 Fla., 355, it was decided that under this statute " a court of law had power to afford relief where a sale was about to be had on a day not authorized by the statute which regulated the days upon which sales of property under execution were to be made." It was there remarked, " that courts of law have full power to revoke, correct, restrain, or quash their own process in the course of their own ordinary jurisdiction," and that " there is a manifest impropriety in a court of chancery interfering with the process of a court of law which is the peculiar property of that court, unless its jurisdiction is expressly claimed by *equities alleged outside of and apart from the process.*"

Without intending to express either assent or dissent to these very general remarks, it is clear that under it, where equities are claimed and they exist, if at all, outside of and apart from the process, and arise as in this case from a mortgage held by one not a party to the process, that a court of law cannot afford relief. There is nothing decided in that case which would justify the court below in assuming the jurisdiction it did.

The necessity of all the parties in interest being before the court in this case is manifest. New parties here must be made, and the proceeding at law is not suitable or adequate to accomplish the object sought. The only remedy is in a court of equity, where all interests may be heard and where all rights may be adjusted, if indeed the mortgagee has such equities as entitle him to such relief, a question we do not determine.

It is ordered, adjudged, and decreed that the judgment of the court below is reversed and set aside; that the cause be remanded

with directions to dismiss the petition, without prejudice to the right of the party to file a bill in chancery against such parties, and praying such relief as he may be advised.