BION H. BARNETT, APPELLANT, v. L. T. HICKSON AS EXECUTOR OF WILLIAM HICKSON, DECEASED, APPELLEE.

1. In cases where there is a plain, adequate and complete remedy at law, a resort to a Court of Chancery is unnecessary and improper.

2. A Circuit Judge under the provisions of Section 1196

Revised Statutes of 1892 has full power, either in term time or vacation, to stay an execution issued from and returnable to the Circuit Court in cases at law, and resort to a court of equity is unnecessary where there is no independent equity apart from the execution.

This case was decided by the Court En Banc.

Appeal from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*A. W. Cockrell & Son* for Appellant;

No appearance for Appellee.

MALONE, *Circuit Judge*: This is an appeal from an order of the Circuit Court for Marion County, sustaining a demurrer to a bill in Chancery.

It appears from the allegations in the bill that William Hickson instituted in the Circuit Court for Marion County an action of assumpsit against J. Frank Thacker and Albert Thacker, as copartners under the firm name of Thacker Brothers, on the 21st day of February, A. D. 1894, and caused a summons *ad respondendum* and a writ of attachment to be issued on the same day. This summons was never executed but the writ of attachment was levied upon certain bundles of orange wrapping paper and other personal property.

Afterwards on the 5th day of November A. D. 1894, the M. J. Fitch Paper Company, a corporation, interposed a claim and got possession of said bundles of orange wrapping paper by delivering to the officer making the levy the

affidavit and bond prescribed by statute. And the appellant was one of the sureties on this bond.

At the Spring Term, A. D. 1895, of the said Circuit Court this claim was tried by a jury and a verdict returned against the claimant, the M. J. Fitch Paper Company, and a judgment for $250.00 the estimated value of said orange wrapping paper, and $50.00 damages and $2.21 costs, was entered against the claimant and its sureties, W. B. Barnett and Bion H. Barnett, and in favor of William Hickson, the plaintiff in the action of assumpsit.

The claimant and its sureties then brought this judgment to this court by a writ of error and on April 30th, A. D. 1895, filed with the Clerk of said Circuit Court a supersedeas bond in the penal sum of $500.00.

At the June Term, A. D. 1898, of this court, this judgment was affirmed.

Afterwards, on the first day of October, A. D. 1901, the appellee instituted a suit in the said Circuit Court, on the said supersedeas bond, against the appellant, and recovered a judgment therein, on the 11th day of November, A. D. 1902, for $500.00, the penalty of said supersedeas bond.

It will be observed that the sole object of this bill is to get at stay of the execution on this judgment, until the appellee shall recover a judgment in the action of assumpsit, against Thacker Brothers, the defendants therein; and the jurisdiction of a Court of Chancery is invoked to attain that object.

It is alleged in the demurrer to this bill, that a court of law and not a Court of Chancery is the proper forum to grant the relief sought by the bill. And the Circuit Court sustained this demurrer. Was this error?

As far back as 1859 this court decided that "A Circuit

Judge under the provisions of the Act of 1844 has full power, either in term time or vacation, to correct, restrain and control the process of a court of law and no resort is necessary to the powers of the Court of Chancery in such cases, unless arising from the operation of independent equities apart from the process." Robinson v. Yon, 8 Fla. 350.

This same principle was again announced in the case of McKeown *et al* v. Coogler *et al*, 18 Fla. 870 and is now settled law in this State.

The judge who rendered the judgment, could, in the exercise of his powers at law, either in term time or vacation, have afforded the appellant full and perfect relief from the anticipated injury stated in his bill, by staying temporarily, or perpetually, the execution issued on said judgment or by revoking it altogether.

Therefore the appellant had a plain adequate and complete remedy at law and a resort to a Court of Chancery under these circumstances was unnecessary and improper; and the Circuit Court committed no error in sustaining the remurrer.

The order of the Circuit Court must be affirmed and the bill be dismissed, at the cost of the appellant.

SHACKLEFORD, C. J., WHITFIELD and PARKHILL, JJ., concur.

COCKRELL and HOCKER, JJ., disqualified.

TAYLOR, J., absent on account of sickness but concurred in the opinion when prepared.