H. D. HAZEN, *Petitioner,* v. FRANK A. SMITH as Judge
of the Circuit Court of the Seventeenth Judicial Cir-
cuit of the State of Florida, in and for Orange County,
*Respondent.*

Division B.

Opinion filed June 2, 1931.

*H. F. Mohr,* of Orlando, for Petitioner.

*Frank A. Smith,* Circuit Judge, *in pro per.*

DAVIS, J.—After a trial at law in the Circuit Court of Orange County, verdict was returned for the plaintiff, on April 27, 1929. On May 1, 1929, motion for new trial was filed in the cause but not ruled on by the Court, nor was any order made by the Court staying the entry of judgment or the issuance of execution pending the determination of the motion.

Judgment was accordingly entered on the verdict on the day it was returned. On May 20, 1929, a copy of the judgment was filed for record in Hardee County, execution on it was issued from Orange County, and the amount of the same collected by the Sheriff from the defendant in execution who gave the Sheriff an endorsed check for $535.00 to cover. All of this took place May 29, 1929.

The Sheriff made his return on the execution showing the collection and the plaintiff in execution receipted the Sheriff for the amount collected. On May 30th the judgment itself was satisfied of record.

After all these steps had taken place and after the judgment had been satisfied and the execution returned, the Court by formal order took cognizance of the pending undisposed of motion for a new trial and entered an order that such motion for a new trial should operate as a supersedeas and should stay all proceedings until determined.

The Court also entertained a petition filed by the

defendant in execution, C. C. Cobb, and by its order on same dated June 4, 1929, directed that the check turned over to plaintiff in execution be not paid, and restraining and enjoining the plaintiff in execution from cashing the check which had been drawn on a Tampa bank and given to defendant in execution, Cobb, by General Motors Acceptance Corporation.

This was the same check that had been turned over by the defendant in execution to the Sheriff of Hardee County, who in turn had endorsed it to plaintiff in execution. So plaintiff in execution was unable to realize the proceeds of the check because of the order of the Circuit Court stopping the negotiation of it until the motion for a new trial could be passed on.

Rule *nisi* in prohibition here raises the question as to whether the Circuit Judge had authority to make the order complained of, which was made at the same term of court as that at which the verdict was returned and judgment rendered.

It may be conceded that a motion for a new trial does not *per se* stay entry of judgment or proceedings by execution to enforce it. This seems to be true whether the motion stands over from one term of court to another or not. Rehfield v. Moore, 76 Fla. 378, 80 So. 52. If the party making a motion for a new trial in a case at law wishes the entry of judgment suspended, or the execution of it stayed or superseded, he can and should apply to the Judge for a special order to that effect. If he does not do so, judgment may be entered and execution may be issued and enforced whether the motion for a new trial remains unisposed of or not. Worrell v. Ford, 83 So. 295; Greeley v. Percival, 21 Fla. 428; Florida Asphalt Block Pav. Co. v. Davis, 97 Fla. 390, 121 So. 461.

While at common law a pending motion for a new trial might have operated as a supersedeas during the term (46 C. J. 304; 34 C. J. 653; Woodward Iron Co. v. Brown, 167 Ala. 316, 52 So. 829) in Florida the statute limits the time or term for making motions for a new trial to four days and not at any time during the general term as at common law. When the four days have expired our decisions contemplate that the Judge may dispose of the motion at a later date, but when he does so he then holds a term of court with reference to that particular case, as was held in L. O. P. & G. Ry. Co. v. Holmes, 85 Fla. 463, 96 So. 400, and cases cited.

So if the mere filing of a motion for a new trial, operates at all as a supersedeas, without a special order of court to that effect, it does not do so beyond the four day period after verdict, or such additional period as may be lawfully allowed for the making of a motion for a new trial.

But regardless of the effect of the motion when made, it is clear that Circuit Judges have the right under the Constitution to make all appropriate orders necessary to protect their jurisdiction and authority during term time and they may adapt their orders so made to the exigencies of each case as it arises. Section 11 of Article V of the Constitution expressly provides that the Circuit Courts and Judges shall have power to issue ''all writs proper and necessary to the complete exercise of their jurisdiction.'' This implies the power to make orders appropriate to precede such writs in proper cases.

It is also true that Circuit Courts have inherent power over their judgments and executions during the same term, and by Section 4516, C. G. L., 2829 R. G. S., the Courts of this State are given express power to stay executions. See also Barnett v. Hickson, 52 Fla. 457, 41 So. 606.

The fact that plaintiff in execution after obtaining a verdict inaugurated a race with the law, and succeeded in having execution issued and money collected under it, did not defeat the jurisdiction of the Court during the same term at which the verdict was rendered, to entertain a properly filed motion for a new trial, and to make such appropriate orders against the plaintiff in the case as would effectually prevent the plaintiff from defeating the purpose of the motion for a new trial by realizing the amount of the verdict before a ruling on it could be had.

Even after a judgment at law has been rendered and execution levied and the judgment fully collected, it has been held that if the judgment be later reversed or set aside by an appellate court, the *nisi prius* court has the *right* to order restitution to defendant so as to obviate the advantage obtained by plaintiff through the court's error.

Indeed it has been authoritatively determined that the court not only has such *power*, but that it is the Court's duty to exercise the power to order such restitution in proper cases and this duty is enforceable by appropriate appellate proceedings taken in the name of the property entitled, when the court denies the power or refuses to exercise it when properly invoked. Hiler v. Hiler, 35 Ohio State Rep. 645; B. & O. Ry. Co. v. U. S., 279 U. S. 781; 73 L. Ed. 954; N. W. Fuel Co. v. Bach, 139 U. S. 216, 35 L. Ed. 151; Chamberlin v. Charles, 35 N. Y. 477; Arkadelphia Milling Co. v. St. L. S. W. Co., 249 U. S. 134; 63 L. Ed. 517.

The respondent Circuit Judge could have granted the new trial and ordered plaintiff to make restitution of the money collected on the execution and judgment which would have been thus set aside by him. On the same principles of law the Circuit Judge has the authority to

exercise the jurisdiction and make the order complained of here, which accomplishes the same result in a different way.

The motion to quash the respondent Circuit Judge's return to the rule *nisi* is denied and the proceeding in prohibition dismissed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., concurs in the opinion and judgment.

ELLIS, J., concurs in the conclusion.

BROWN, J., dissents.