F. T. Baker v. W. W. Frick, Sheriff, Indian River County, and George S. Sales.

154 So. 846.
Opinion Filed May 14, 1934.

*Johnston & Rogers,* for Appellant;
*Vocelle & Mitchell,* for Appellees.

Davis, C. J.—This is an appeal from a final decree dismissing a bill for injunction brought by appellant as sole complainant in the court below. It appears from the allegations of the bill that the object of the complaint was to have the Sheriff of Indian River County enjoined from proceeding with the execution of a certain writ of *habere facias possessionem* issued on a judgment rendered in an ejectment suit wherein one George S. Dales was plaintiff and appellant F. T. Baker was one of the defendants. The contention of the appellant is that injunctive relief should have been granted because the sheriff had attempted to execute the writ against the party named in it by applying it to the wrong property and not the property actually described in the judgment in ejectment. The court dismissed the bill for want of equity and dissolved a temporary injunction that had been granted thereon.

In City of Coral Gables v. Hopkins, 107 Fla. 778, 144 Sou. Rep. 385, it was held by us that a court of law may, on motion, set aside a levy of an execution on property not subject to seizure, when all the interested parties are before

the court. We think the same principle holds good where it is claimed that a court's executive officer is wrongfully proceeding to execute its writ of *habere facias possessionem* by ejecting the defendant named in it from land which the writ does not legally describe nor cover.

A Circuit Judge under Section 4516 C. G. L., 2829 R. G. S., has full power either in term time or vacation to correct, restrain and control the process of a court of law, including a writ of *habere facias possessionem,* including the manner in which it is being executed, and no resort is necessary to a court of chancery in such cases, unless the necessity therefor arises from independent equities apart from the process. Robinson v. Yong, 8 Fla. 350; Budd v. Long, 13 Fla. 288; Barnett v. Hickson, 52 Fla. 457, 41 Sou. Rep. 606. So the dismissal of the bill involved in this case was correct.

Affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.