Rudolph *v.* Cassidy.

5-883                                                286 S. W. 2d 489

Opinion delivered February 6, 1956.

*Wade & McAllister,* for appellant.

*Dickson & Putman* and *Rex W. Perkins,* for appellee.

Per Curiam. Appellee Florence D. Cassidy obtained a $30,000 judgment against appellant Marjory Holt Rudolph in a personal injury case and the cause is here on appeal. Appellant has filed in this court a motion to be permitted to file a supersedeas bond in the sum of $25,000, alleging that she is insolvent and cannot make a $30,000 bond but that she has liability insurance and is able to make a $25,000 bond. The insurance carrier is not a party to the litigation. Since appellant alleges in the motion that she is insolvent it is obvious that a bond for only part of the judgment is for the benefit of one who is not a party to the action. Appellant is not merely asking that she be permitted to file a bond for a part of the judgment—she wants a particular $25,000 superseded —the $25,000 for which the insurance carrier may be liable. Otherwise the motion would be meaningless, as an order of this court merely allowing a supersedeas bond for part of the judgment and leaving appellee at liberty to attempt to collect the other part pending appeal would leave the judgment creditor in position to proceed against the carrier for that part of the judgment not superseded.

Actually, there are only two parties before this court: the appellant Rudolph and the appellee Cassidy. Appellant Rudolph says she should be allowed to make

a bond for part of the judgment because she cannot make bond for the judgment in full. The fact that she is insolvent and cannot make a supersedeas bond for the full amount of the judgment is no justification for this court authorizing a bond for a lesser amount, even assuming, but not deciding, that we are permitted to do so by Act 555 of 1953. If the insurance carrier were a party to this suit and seeking to make a bond only for the amount for which it could be held liable under the terms of its policy there might be good grounds for permitting it to do so, but the insurance company is not a party.

Appellant further contends that Ark. Stats., § 27-2125, authorizes the making of a bond for part of the judgment. The statute provides: "The supersedeas may be issued to stay proceedings on a part of a judgment or order, in which case the bond shall be varied so as to secure the party superseded." This statute has no application in a case where there is a money judgment against one person in favor of another person. If the judgment is for something in addition to money, such as a lien, as in *Royal Theatre* v. *Collins,* 102 Ark. 539, 144 S. W. 919, it could be "varied so as to secure the party superseded," and § 27-2125 would apply. But here, if appellant were permitted to make a supersedeas bond for only part of the money judgment appellee would have no security at all for the balance. Ark. Stats., § 27-2121, provides: "A supersedeas shall not be issued until the appellant shall cause to be executed before the clerk of the court which rendered the judgment or order, or the clerk of the Supreme Court, by one or more sufficient sureties, to be approved by such clerk, a bond to the effect that the appellant shall pay to the appellee all costs and damages that shall be adjudged against the appellant on the appeal, or in the event of the failure of appellant to prosecute said appeal to a final judgment in the Supreme Court, or if said appeal shall for any cause be dismissed, that said sureties shall pay to the appellee all costs and damages and shall perform the judgment of the court appealed from; also that said appeal shall be prosecuted without delay; also, that he

will satisfy and perform the judgment or order appealed from in case it should be affirmed, and any judgment or order which the Supreme Court may render, or order to be rendered by the inferior court, not exceeding in amount or value the original judgment or order, . . ."

The motion by appellant to be permitted to make a supersedeas bond for less than the full amount of judgment is denied.

SEAMSTER, C. J., not participating.