287 So.2d 151 (1973)
Hazel FITZGERALD and Reserve Insurance Company, Appellants,
v.
Clarence ADDISON and Barbara Addison, Husband and Wife, Appellees.
No. 73-224.
District Court of Appeal of Florida, Second District.
December 7, 1973.
W. Robert Mann of Mann, Fay & Price, Chartered, Bradenton, for appellants.
Matthews & Mulock, Bradenton, for appellant Hazel Fitzgerald.
Alton G. Pitts of Pitts, Eubanks, Ross & Rumberger, Orlando, for appellant Reserve Ins. Co.
*152 Gerald C. Surfus of Nelson, Stinnett, Surfus, Payne, Hesse & Cyril, Sarasota, for appellees.
GRIMES, Judge.
This case is presently before the court on a motion to quash an order relating to supersedeas.
Mr. and Mrs. Addison sued Hazel Fitzgerald for injuries received by Mrs. Addison in a motor vehicle accident. Reserve Insurance Company (Reserve), the liability insurance carrier for Mrs. Fitzgerald, was joined as a defendant. The jury returned a verdict in favor of the Addisons in the gross amount of $35,000.00. Since the maximum liability coverage under the Reserve policy was $10,000.00, final judgment was entered for $35,000.00, with the proviso that Reserve could satisfy all of its liability thereunder by the payment of $10,000.00 plus interest and costs.
Judge Silvertooth entered a further order that Reserve could supersede its obligation under the final judgment pending appeal by posting a supersedeas bond in the amount of $11,324.89 and that Mrs. Fitzgerald could supersede her portion of the judgment by posting bond for $26,250.00. A notice of appeal was filed by Reserve and Fitzgerald. Reserve posted its supersedeas bond in the prescribed amount, but Mrs. Fitzgerald petitioned the lower court to require Reserve to post a supersedeas bond in her behalf pending the appeal. In her petition, Mrs. Fitzgerald alleged that Reserve had acted in bad faith in the defense of her case by refusing to settle within the policy limits, by failing to communicate offers of settlement to her and by failing to advise her of the possibility of an excess judgment and the need to secure separate counsel. Judge Roy E. Dean heard the petition and entered an order directing that Reserve should post a supersedeas bond for Fitzgerald in an amount sufficient to cover the judgment obtained by the Addisons against Mrs. Fitzgerald. Reserve's motion to quash the order requiring it to post a supersedeas bond in excess of its policy limits brings the matter to us at this time.
The applicable portion of the insurance policy reads as follows:
"II. Defense, Settlement, Supplementary Payments.
With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability the Company shall:
* * * * * *
(b)(1) pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defended suit, the cost of bail bonds required of the Insured in the event of accident or traffic law violation during the policy period, not to exceed $100 per bail bond, but without any obligation to apply for or furnish any such bonds;
* * * * * *
Even when measured by rules of strict construction, this language could not be construed to mean that Reserve had an obligation pending appeal to furnish a supersedeas bond in excess of its limits.
The right to appeal is not dependent upon the obtaining of supersedeas. Horn v. Horn, Fla. 1954, 73 So.2d 905. A defendant can appeal a money judgment without posting a supersedeas bond, but he does so at the risk of having to pay the judgment before the appeal has been concluded. Absent supersedeas, a successful plaintiff can garnish a defendant's insurer even though the insurer was not originally a party to the suit. Grange Mutual Casualty Company v. Stroud, Fla.App. 1965, 173 So.2d 171. If the judgment is reversed, the judgment debtor must seek restitution for his prior payment. Hazen v. Smith, 1931, 101 Fla. 767, 135 So. 813.
*153 The purpose of an order relating to supersedeas is simply to specify an amount in which a bond may be posted which will have the effect of superseding the judgment pending the outcome of the appeal. The lower court cannot require a supersedeas bond to be posted. It simply prescribes the amount, terms and conditions of the bond which will make effective the supersedeas. Rule 5.5, Florida Appellate Rules, 32 F.S.A.
Here, the trial court erroneously attempted to require the giving of a supersedeas bond by Reserve in an amount which far exceeded its liability limits.[1] Assuming Reserve were to comply with the order and the appeal was ultimately lost, the Addisons would have the right to collect the total amount of the judgment from the bonding company which would have the ultimate effect of visiting the entire liability upon Reserve.
Inherent in the resolution of this matter is the question of whether a liability insurer should be permitted to supersede a judgment entered against it pending appeal without at the same time superseding the judgment against its insured, even though the amount of the judgment against its insured exceeds its policy limits.
Prior to the time that liability insurers were proper parties to the suit, the practical effect of a judgment against an insured in excess of the limits was to place the carrier in the dilemma of having either to pay the judgment to the extent of the limits and forego its appeal or to supersede the total judgment and run the risk of losing it all in the event of an unsuccessful appeal. There was no way for a judgment to be partially superseded.[2]
With the advent of Shingleton v. Bussey, Fla. 1969, 223 So.2d 713, and subsequent related cases, "all of the cards are now on the table," and liability carriers are joined as interested party defendants. Where a judgment is entered in excess of the limits, appropriate language is included to provide that the judgment against the carrier shall not exceed the limits. In keeping with the spirit of Bussey, it appears that an insurance carrier should now be permitted to supersede the judgment against itself pending appeal without having to supersede the balance of the judgment against its insured.
Having made such a statement does not necessarily solve all the problems. To hold that an excess judgment against an insured should be fully superseded by the posting of a supersedeas bond in a lesser amount would be patently unfair. We believe the solution to be that the supersedeas bond filed by the carrier should supersede only that portion of the judgment against the insured which equals the amount of the judgment against the carrier. The insured may prevent the enforcement of the balance of the judgment by the posting of a supersedeas bond in an amount prescribed by the court.
This does not resolve a situation where an insured does not have the financial standing to obtain a bond. Under those circumstances, the plaintiff would be entitled to try to collect the excess amount of the judgment from the insured, but this would not place the insured at any more of a disadvantage than he would have been had no appeal been taken. Should the plaintiff and the insured reach a settlement whereby the judgment is satisfied against the insured, the payment to the plaintiff would not be credited to the judgment against the carrier. In this event, the plaintiff may continue to seek to collect that judgment, the carrier may continue its *154 appeal, and the insured will not have breached its insurance contract.
Our holding, at first blush, might appear contrary to that of the First District Court of Appeal in Reserve Insurance Company v. McPeak, Fla.App. 1966, 181 So.2d 662, but we do not deem the cases to be in conflict. At the outset, it should be noted that McPeak was decided before Bussey. The plaintiff obtained a joint judgment of $15,000.00 against McPeak and another defendant. McPeak had liability insurance limits of $10,000.00. The insurance carrier filed an appeal on behalf of McPeak. No supersedeas bond was posted. The other defendant offered to pay half the judgment if McPeak would pay the other half. In order to stay the sale of her property, McPeak paid her half of the judgment. Thereafter, the judgment holder obtained the dismissal of the appeal because the judgment had been paid.
McPeak sued the insurance carrier and recovered back the $7,876.10 she had paid to obtain a satisfaction of the judgment. The insurance company contended that McPeak had breached her contract of insurance by paying the judgment without the consent of the insurer and by not posting a supersedeas bond for her part of the judgment over the policy limits. The trial court entered a judgment for McPeak which was affirmed.
The holding in that case was predicated upon a finding of bad faith on the part of the insurance company for refusing to settle for an amount within its limits after the judgment had been entered. Those circumstances are not present in the instant case. To the contrary, the record reflects that Reserve has offered to settle the judgment against its insured by the payment of its limits.
It should be noted that we are not deciding whether or not an insurer ever has a duty to take an appeal or a duty to furnish a supersedeas bond for the insured pending appeal where the judgment does not exceed the limits. Moreover, we are not passing on the question of whether in this instance Reserve may have been guilty of bad faith to its insured for failure to settle within the limits prior to judgment or for any of the other reasons alleged by Mrs. Fitzgerald. These contentions would have to be resolved in a trial between Mrs. Fitzgerald and Reserve, and this has not occurred. Should the original judgment be affirmed and Mrs. Addison be successful in her contentions, Mrs. Fitzgerald would then be entitled to a judgment against Reserve which would make her completely whole.
The order requiring Reserve to post the supersedeas bond in an amount sufficient to supersede the entire judgment against Mrs. Fitzgerald is hereby reversed. This decision will have the effect of reinstating Judge Silvertooth's order of supersedeas which was consistent with the reasoning set forth herein.
MANN, C.J., and McNULTY, J., concur.
NOTES
[1] Colon v. Marzec, 1969, 116 Ill. App.2d 278, 253 N.E.2d 544.
[2] See, e.g., Rudolph v. Cassidy, 1956, 225 Ark. 951, 286 S.W.2d 489. In refusing to permit a partial supersedeas, the Arkansas Supreme Court observed:

"... If the insurance carrier were a party to this suit and seeking to make a bond only for the amount for which it could be held liable under the terms of its policy there might be good grounds for permitting it to do so, but the insurance company is not a party."