BOARDMAN, Judge.
This is the second appearance of this case before this court.[1] Here appellants appeal from a summary judgment entered in favor of the appellees, Clarence Addison and Barbara Addison, in a personal injury action on the issue of liability. The case was tried before a jury on the issue of damages. Verdicts were returned in favor of Barbara Addison in the amount of $23,000 and in favor of Clarence Addison in the amount of $12,000. This timely appeal followed.
After hearing argument and considering the record, briefs and the depositions and affidavits of the respective parties, we hold that there was a genuine triable issue as to whether defendant was guilty of actual negligence as a matter of law. Appellant, Hazel Fitzgerald, in her deposition taken by appellees, testified that “. I must have passed out, blacked out, for the time being because otherwise I would have never hit the car.” She ran into the rear of appellees’ vehicle. Further, the appellant testified that she had not experienced blackout spells like that before the date of the accident involved here. This testimony of appellant being uncontradicted at this stage of the case is sufficient, we submit, to preclude the entry of summary judgment on the issue of actionable negligence.[2]
We are of the view that the testimony of appellant taken at her deposition failed to show conclusively that no material issue of fact remained to be considered by a jury. See Harvey Building, Inc. v. Haley, Fla. 1965, 175 So.2d 780.
Accordingly, the judgment appealed is reversed and the cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
MANN, C. T., and HOBSON, J., concur.

. See Fitzgerald v. Addison, Fla.App.2nd, 1973, 287 So.2d 151, which concerned the ruling of the trial court on the question of su-persedeas bond i)ending appeal.

. See W. Prosser, Law of Torts, § 29 (4th ed. 1971).