ON MOTION TO REVIEW ORDER GRANTING SUPERSEDEAS BOND
OTT, Judge.
Allstate Insurance Company seeks review of an order requiring it to post a supersede-as bond in the sum of $161,000 in a negligence action brought by the Biddys against Fallon, Carr and their insurer, Allstate. Judgment was in favor of the Biddys for the total sum of $240,000; no appeal was taken and the judgment is final. The judgment against Allstate was limited to the amount of its coverage, $100,000, which it has paid in full.
Pursuant to an assignment from Fallon and Carr, the Biddys brought an independent “bad faith” action against Allstate seeking recovery of the $140,000 remaining unpaid on the aforesaid judgment and other damages. That case is presently pending below.
In the meantime, Fallon, Carr and Allstate moved to set aside the entire $240,000 *909 judgment on the ground it was obtained by-fraud. The motion was denied and the movants took an appeal which is now pending in this court. In connection with the pending appeal and on motion by the Bid-dys, the trial court entered an order requiring Allstate to post a supersedeas bond in an amount equal to the unpaid, portion of the original judgment plus 15%.
Preliminarily, we cannot understand why the court below would even entertain the Biddys’ motion. Florida Rules of Appellate Procedure 9.310, explicitly states that a motion to set the amount of a supersedeas bond shall be filed by “a party seeking to stay a final or nonfinal order”. It is difficult to see how the Biddys have standing to make such a motion even if their original money judgment was on direct appeal rather than under collateral attack. This is even further exaggerated by the fact that the moving parties (the Biddys) do not even hold an unsatisfied judgment against appellant either in the original personal injury action or in the bad faith action.
Assuming the propriety of the proceedings, however, we think the resulting order clearly exceeded the power of the court. In the first place, no one can be ordered to post a bond as a condition to maintaining an appeal from the usual money judgment. A court can set the amount of the bond a party must post if he wishes to stay execution pending such an appeal, but there is no law that an appellant must stay execution. In the absence of a stay the holder of the judgment is free to pursue execution or other collection against the judgment debt- or.
Appellees assert that the appeal from the order denying the motion to set aside the judgment for fraud effectively operated as a stay of their “bad faith” action. That may be but it furnishes no justification for the order. It is true that if the appeal is successful and the original judgment is eventually vacated, there will be no basis on which to continue the “bad faith” suit. We fail to see how that differs remarkably from any appeal from a money judgment where execution is not stayed.
In the second place, once an insurer (or for that matter any defendant) has paid the portion of a judgment for which it has been held liable, it cannot be subjected to execution or required to post a bond to stay execution for the balance of the judgment. Fitzgerald v. Addison, 287 So.2d 151 (Fla.2d DCA 1973). There may be instances where the refusal of an insurer to stay a judgment it is appealing could give the insured a cause of action against it for damages but that is not this case. Even if it were, we are not aware of any basis for preventive relief against such injury.
The order of the trial court requiring Allstate to post a supersedeas bond is vacated and set aside.
GRIMES, C. J., and HOBSON, J., concur.