WARNER, J.
In this third appeal regarding a void domesticated judgment, JSZ claims the trial court erred in awarding Whipple restitution of the amounts she was forced to pay to prevent execution on the void Texas judgment. JSZ claims that Whipple was required to claim restitution in her pleadings, which she did not. We affirm the order of the trial court as being within its inherent power and control over its judgments.
The facts of this case are thoroughly detailed in the two prior cases involving these parties. See Whipple v. JSZ Fin. Co., 717 So.2d 608 (Fla. 4th DCA 1998) (Whipple I); Whipple v. JSZ Fin. Co., 885 So.2d 933 (Fla. 4th DCA 2004) (Whipple II). To summarize the prior proceedings briefly, JSZ domesticated a Texas judg- *1190 raent and sought to enforce it. Whipple defended, claiming the Texas judgment was void for lack of personal jurisdiction. She also filed a counterclaim asserting its invalidity. While these were pending, JSZ levied a writ of execution on Whipple’s vehicle, forcing her to satisfy the judgment. The trial court then dismissed Whipple’s challenges to the judgment because of its satisfaction. In Whipple I, we reversed the dismissal because a challenge to the underlying judgment was not waived when satisfaction of the judgment was forced by levy while the challenge to the judgment was pending. When the case returned for determination on the merits, the trial court determined that the Texas court had personal jurisdiction and entered judgment in favor of JSZ. In Whipple II, we reversed, concluding that Texas did not have jurisdiction and the Texas judgment was not entitled to full faith and credit. We remanded for entry of a judgment in favor of Whipple.
On remand, Whipple moved for restitution of the amount she had paid to satisfy the judgment on the original forced levy, plus interest. JSZ disputed her entitlement to restitution, claiming that she had never requested restitution. The trial court granted restitution, citing to Sundie v. Haren, 253 So.2d 857 (Fla.1971), and entered judgment in favor of Whipple, which JSZ now appeals.
JSZ claims that because Whipple did not claim restitution in her pleadings, the court was precluded from granting restitution of the amounts Whipple paid to satisfy the judgment and prevent loss of her vehicle, citing Cardinal Investment Group, Inc. v. Giles, 813 So.2d 262, 263 (Fla. 4th DCA 2002). We do not think this case is governed by Cardinal or the other cases involving general pleading requirements. Instead, this case is controlled by the principles announced in Hazen v. Smith, 101 Fla. 767, 135 So. 813 (1931).
In Hazen, a plaintiff had recovered a verdict in his favor, and the defendant filed a motion for new trial. The plaintiff was able to reduce the verdict to judgment and to levy on it prior to the time the court heard the motion for new trial. Pursuant to the levy, the plaintiff obtained a check for the amount owed under the judgment, but before the plaintiff could negotiate it, the circuit court ordered that the check not be cashed until the motion for new trial was heard. By petition for writ of prohibition, the plaintiff challenged the trial court’s authority to make such an order.
The supreme court explained the authority of the circuit court to make orders regarding restitution involving its judgments:
It is also true that circuit courts have inherent power over their judgments and executions during the same term, and by section 4516, C.G.L., section 2829, R.G.S., the courts of this state are given express power to stay executions. See, also, Barnett v. Hickson, 52 Fla. 457, 41 So. 606.
The fact that plaintiff in execution after obtaining a verdict inaugurated a race with the law, and succeeded in having execution issued and money collected under it, did not defeat the jurisdiction of the court during the same term at which the verdict was rendered, to entertain a properly filed motion for a new trial, and to make such appropriate orders against the plaintiff in the case as would effectually prevent the plaintiff from defeating the purpose of the motion for a new trial by realizing the amount of the verdict before a ruling on it could be had.

Even after a judgment at law has been rendered and execution levied and the judgment fully collected, it has been held that if the judgment be later reversed or set aside by an appellate 
*1191
court, the nisi prius court has the right to order restitution to defendant so as to obviate the advantage obtained by plaintiff through the court’s error.

Indeed, it has been authoritatively determined that the court not only has such power, but that it is the court’s duty to exercise the power to order such restitution in proper cases, and this duty is enforceable by appropriate appellate proceedings taken in the name of the party entitled, when the court denies the power or refuses to exercise it token properly invoked.

Id. at 816 (emphasis added). See also Fla. E. Coast Ry. Co. v. State, 77 Fla. 571, 82 So. 136, 138 (1919); State ex rel. Hill v. Hearn, 99 So.2d 231, 233 (Fla.1957) (“[T]he rule appears to be quite clearly established that a trial court in a proper case may require restitution of money collected under a judgment when such judgment has been set aside by an appellate court”).
The authority for the trial court to order restitution arises from the inherent power of the courts to superintend their own judgments. It does not arise from the pleading requirements of litigants. Here, the trial court exercised its inherent authority to return the parties to the status quo prior to the institution of proceedings to collect on the void judgment. The fact that Whipple’s declaratory judgment did not contain allegations requesting restitution of the amounts paid on the void judgment does not prevent the circuit court from exercising its inherent authority, and in this case its obligation, to restore Whipple to her condition prior to the court’s errors. Any other result would, as in Hazen, give the plaintiff the advantage in the proceedings as a result of the court’s own errors. Although there are exceptions to this doctrine, particularly in domestic relations cases, see, e.g., Wall v. Johnson, 80 So.2d 362 (Fla.1955), those exceptions do not apply to this case, where it would be entirely inequitable not to provide for restitution.
JSZ also contends that Whipple should be precluded through judicial estop-pel from recovering restitution, because she has maintained different positions in these proceedings. This court recently summarized the general rule of judicial estoppel in Florida as follows:
A claim or position successfully maintained in a former action or judicial proceeding bars a party from making a completely inconsistent claim or taking a clearly conflicting position in a subsequent action or judicial proceeding, to the prejudice of the adverse party, where the parties are the same in both actions....
Grau v. Provident Life & Acc. Ins. Co., 899 So.2d 396, 400 (Fla. 4th DCA 2005) (footnote omitted) (emphasis added). Here, it appears that both parties have made statements in their briefs in prior appeals inconsistent with the ones they are now espousing. Nevertheless, neither position was successfully maintained, because this court never reached the merits of the restitution issue in either prior proceeding. Thus, judicial estoppel does not apply. We affirm as to the remaining issues raised.

Affirmed.

KLEIN and GROSS, JJ., concur.