**Dorothy WILLARD, Appellant,**

v.

**Julius G. PETRUSKA, Trustee in Bankruptcy, Burnette Machinery, Inc., Bankrupt, Appellee.**

**No. 22054.**

United States Court of Appeals Fifth Circuit.

Feb. 10, 1966.

Rehearing Denied April 7, 1966.

As Amended May 25, 1966.

Stephen R. Magyar, Orlando, Fla., for appellant.

No appearance for appellee.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and FISHER, District Judge.

PER CURIAM:

The District Court for the Middle District of Florida entered an order affirming and approving the Memorandum Opinion and Order entered by the Referee in Bankruptcy on the 6th day of April, 1964, holding that the Trustee had a superior lien and the properties of the bankrupt were bound by the sale made by the Trustee as opposed to the judgment lien of appellant who obtained a final judgment on May 4, 1961 in the Circuit Court of the 9th Judicial Circuit in the amount of $2,613.50, which amount represented a deposit with the bankrupt, Burnette Machinery, Inc., for the delivery of certain recreational equipment which was never delivered, nor was the money returned. The judgment of Appellant was duly recorded in the public records of Orange County and on May 5, 1961 a writ of execution was obtained and delivered to the Sheriff for the purpose of levying upon the assets of the bankrupt. A voluntary petition for bankruptcy was filed November 29, 1961 and a general stay order issued by the Referee on December 5, 1961, some eight months after the writ of execution was issued and placed in the hands of the Sheriff for levy. Subsequently, a Trustee was appointed and over the objections of appellant all of the assets of the bankrupt were sold without granting the appellant a hearing as a lien holder as provided by local Rule 16(d).[1] The proceeds of said sale are now in the possession of the Trustee and by virtue of the judgment lien on which an execution has been sought the appellant contends that she is entitled to have the amount of her judgment satisfied from the proceeds of said sale. We agree. On April 6, 1964, the Referee entered his Memorandum Opinion and Order [2] denying petitioner's request but holding that petitioner has a general claim against the estate. The Referee bases his decision on the fact that although the appellant acquired a lien on the subject property,[3] since there was no actual levy on the properties of the bankrupt in pursuance to the judgment obtained by appellant, the intervening sale of the property by the Trustee fixed the lien in the trustee by virtue of Section 70(c) of the National Bankruptcy Act,[4] superior to the lien acquired by

---

1. "(d) *Sales Free of Liens.* When the trustee files a petition for sale of property free of liens or claims, in addition to the notice required to be given to all creditors, as provided in Section 58a(4) of the Bankruptcy Act (11 U.S.C. 94a (4)), ten days written notice shall be given to each lienholder or claimant, which notice shall be entitled in the proceedings and shall inform the lienholder or claimant that a petition has been filed by the trustee therein to sell certain property belonging to the bankrupt's estate, with a general description thereof, in which the lienholder or claimant is said to have an interest, and shall name the place and time of the hearing thereof and shall require him to answer and set forth on or before the said time what, if any, right, title or interest he has or claims to have in or to such property, and in default of which he will be forever barred from thereafter asserting any lien or claim or title in, to or upon such property."

2. Transcript of Record, pages 11–19.

3. The lien being obtained four months prior to intervention of bankruptcy, said lien is not invalidated by Section 67(f) of the National Bankruptcy Act.

4. The principal portion of Section 70(c) applicable herein states as follows: "The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bank-

the appellant. The Referee citing the case of Love v. Williams, 4 Fla. 126, and Claude D. Reeses, Inc. v. United States ex rel Collector of Internal Revenue, 75 F.2d 9 (5th Cir. 1935).

It is obvious that the Referee has incorrectly applied the law to the facts in this case and the District Court in approving the Referee's decision fell into error. Under the Florida law, appellant has done everything required to perfect her lien by recording the judgment and obtaining a writ of execution and placing it in the hands of the Sheriff for the purpose of a levy, this being done more than four months before the filing of a voluntary petition for bankruptcy. The Referee and Trustee both had knowledge of the lien of appellant and they could not annul said lien by the Trustee's sale of the property of the said bankrupt. In Claude D. Reeses, Inc. v. United States ex rel Collector of Internal Revenue, supra, the Court clearly holds that one who obtains a judgment lien and obtains an execution and places it in the hands of the Sheriff for execution has complied with all that the law of the State of Florida requires in order to have a prior lien to that of the Trustee. Judge Sibley writing for the Court in the Reeses case concluded, "the liens of the judgments adhere to the proceeds, 'and will be accorded priority by the bankruptcy court in distribution of the estate, in accordance with applicable law'", and further, "judgments are therefore debts secured by liens in the court of bankruptcy. As such, they are entitled to be paid in full from the proceeds of the property subject to their liens before the distribution of the general estate".

Under the particular facts of this case, Section 70(c) of the National Bankruptcy Act is not applicable and the Trustee does not by virtue of such section obtain the status of an ideal creditor or superior lienholder.

Therefore, the Order of the District Court approving the Memorandum Opinion and Order of the Referee is set aside and the case is remanded to the District Court for further proceedings not inconsistent with this opinion.

Judgment of the District Court is reversed and rendered.

rupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."