352 So.2d 1295 (1977)
STATE of Louisiana, Appellee,
v.
Isaac WILLIAMS, Jr., Appellant.
No. 60149.
Supreme Court of Louisiana.
December 19, 1977.
*1296 Paul A. Bonin, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Vincent Paciera, Jr., Asst. Dist. Atty., for appellee.
TATE, Justice.
The defendant was charged and convicted of two counts of distribution of heroin, La.R.S. 40:966, and sentenced to concurrent life sentences at hard labor. On his appeal, we find merit to his Assignment of Error No. 2. We therefore reverse.
The defendant was convicted of distributions (sales) occurring on November 1 and November 2. By Assignment 2, the defendant correctly contends that over his objection the trial court improperly admitted irrelevant and prejudicial evidence of two other offenses of November 8 and 13.
These extraneous offenses were admitted on the state's contention that they were admissible to prove intent, guilty knowledge, or system. La.R.S. 15:445, 446. However, reversible error resulted from the prejudice occasioned by evidence of them, since the offenses were not admissible for any of the purposes sought:
(1) The distribution offense is a crime requiring only general criminal intent. Such intent is established by mere proof of voluntary distribution. La.R.S. 40:966. The extraneous crimes were inadmissible to prove intent. State v. Clark, 338 So.2d 690 (La.1976).
(2) No defense is raised that the act was done without knowledge of the illegality of the substance. Therefore, "guilty knowledge" is not a genuine matter at issue in this prosecution, and the prejudicial evidence of the extraneous offenses was inadmissible for such purpose. State v. Frederick, 340 So.2d 1353 (La.1976).
(3) The extraneous offenses were not admissible to prove system: In the first place, even if proof of system was relevant to any issue in the present prosecution, these onlysomewhat similar other drug offenses were not so peculiarly distinctive as to indicate they were the work of the same person. State v. Frederick, 340 So.2d 1353 (La.1976); State v. Lee, 340 So.2d 1339 (La.1976). More important, however, they were inadmissible because system was not relevant to prove any fact of consequence (e. g., identity) to the accused's present innocence or guilt (i. e., independent of the inadmissible purpose to infer that the accused committed the present crimes because he had committed the other ones). State v. Jackson, 352 So.2d 195 (La.1977) and many decisions therein cited.
Accordingly, we reverse the convictions and sentences, and we remand for new trial(s) in accordance with law.
REVERSED AND REMANDED.
SANDERS, C. J., and SUMMERS and MARCUS, JJ., dissent.