## In re VERO COOLING & HEATING, INC., Debtor.

## VERO COOLING & HEATING, INC., Plaintiff,

### v.

## R. T. DOBECK, as successor to Sam T. Joyce, as Sheriff of Indian River County, W. W. Grainger, Inc., et al., Defendants.

### Bankruptcy No. 81–00146–BKC–TCB. Adv.No. 81–0050–BKC–TCB–A.

United States Bankruptcy Court, S. D. Florida.

May 26, 1981.

---

**360**

Eric C. Jones, Melbourne, Fla., for plaintiff.

Joel H. Feldman, Boca Raton, Fla., for defendant/Gemaire Distributors, Inc.

Frank J. Kruzich, Lake Park, Fla., for R. T. Dobeck.

Norman Green, Vero Beach, Fla., for Earman Oil Co. Inc.

Robert S. Levy, P. A., West Palm Beach, Fla., for East Coast Supply Corp.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor seeks to avoid four judicial liens as preferential transfers under 11 U.S.C. § 547(b) and thereby recover four motor vehicles which were the subject of a levy in execution on January 23, 1981. Alternatively, the debtor seeks to recover these vehicles under 11 U.S.C. § 542 by a turnover order. All of the defendants except one answered (C.P. Nos. 21a, 22, 22a, 30) and the matter was tried on May 13, 1981. This order incorporates findings and conclusions as authorized by B.R. 752(a).

The facts are simple and undisputed. Each of the defendants independently received a judgment against the debtor and delivered a writ of execution to the Sheriff of Indian River County. The writs were docketed on four separate dates ranging from two weeks to six months before February 2, 1981, the date the bankruptcy petition was filed. Ten days before bankruptcy, the Sheriff levied in execution on two vans and two pick-up trucks owned by the debtor and used in its business.

The debtor seeks to avoid as preferences the fixing of the four judicial liens against its property. The debtor established four of the five elements of a preference as to each of these liens and the only issue presented is as to the fifth element, whether the transfers were made "... within 90 days before the date of the filing of the petition." 11 U.S.C. § 547(b)(4)(a). The transfers are deemed to have been made when the judicial liens attached to the debtor's property, a question controlled by Florida law. *Collier on Bankruptcy* (15th ed.) ¶ 547.12[2].

*As to personal property, Florida law provides that an execution on a judgment operates as a lien on the property of the judgment debtor from the time that a writ of execution is delivered to the sheriff. *Flagship State Bank of Jacksonville v. Carantzas*, Fla.App.1977, 352 So.2d 1259, 1261. As to three of the defendants, WGYL Radio Corporation, Earman Oil Company, Inc. and East Coast Supply Corp., the writs were delivered to the sheriff and, therefore, attached within the 90 day period preceding bankruptcy. Accordingly, the plaintiff may avoid as preferences the liens of these three creditors.

In the case of Gemaire Distributors, Inc., the writ of execution was delivered to the sheriff on August 18, 1980, 168 days before the filing of the bankruptcy petition. As of that date, the lien of Gemaire attached to all personal property of the debtor subject to levy and sale. Since writs of execution are effective throughout the state, the lien attaches to personalty wherever located in the state. § 56.031, Florida Statutes; 19 *Fla.Jur. Judgments*

*and Decrees,* § 192. I find that Gemaire's lien attached to all four vehicles owned by the debtor as of August 18, 1980. Since this transfer occurred outside of the 90 day period, it does not constitute a preference and may not be avoided.

I find, therefore, no basis in the present record before me to order a turnover of the vehicles to the debtor under the provisions of 11 U.S.C. § 542. If I have the authority and discretion to do so, which I doubt, I decline from exercising it under the present circumstances.

The Sheriff has filed a motion for reimbursement of his costs and expenses. (C.P. No. 10). At the trial, the Sheriff stated that the statutory charges had not yet been computed. The vehicles remain in the Sheriff's custody and his lien for the recovery of his statutory fees and expenses is unaffected by this order.

In accordance with the requirements of Bankruptcy Rule 921, separate judgments shall be entered avoiding the judicial liens of WGYL Radio Corporation, Earman Oil Company, Inc. and East Coast Supply Corp. as preferential transfers and dismissing the complaint as to Gemaire Distributors, Inc.