**In re 6801 COLLINS AVENUE, INC. d/b/a Carillon Resort Hotel, Debtor.**

**William ROEMELMEYER, Trustee, Appellant,**

v.

**James FALIN, Antonette Falin, and Carylann Hotel Properties Inc., Appellees.**

No. 88–1775–CIV.

United States District Court, S.D. Florida, Miami Division.

Feb. 8, 1989.

---

Weitzner & Russo, P.A., Miami, Fla., for appellant.

Frank Marks, Miami, Fla., for appellees.

MEMORANDUM OPINION

SPELLMAN, District Judge.

ORDER AFFIRMING
BANKRUPTCY COURT

THIS CAUSE comes before the Court upon Appellant's, WILLIAM ROEMEL-MEYER, Trustee, appeal of the decision rendered by the United States Bankruptcy Court for the Southern District of Florida. Appellant, WILLIAM ROEMELMEYER, Trustee, seeks to reverse the Final Judg-ment and Findings of Fact and Conclusions of Law rendered by the Bankruptcy Court on June 21, 1988.

*Jurisdiction*

Jurisdiction is vested in this Court pursuant to 28 U.S.C.A. Section 158(a).

*Standard of Review*

Findings of Fact of the Bankruptcy Court shall not be set aside unless clearly erroneous. 11 U.S.C.A. Bankruptcy Rule 8013; *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Questions of law are subject to the *de novo* standard of review. 11 U.S.C.A. Bankruptcy Rule 8013; *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed. 2d 518 (1985).

*Procedural History*

The Debtor, 6801 COLLINS AVENUE, INC. d/b/a CARILLON RESORT HOTEL, is a Florida corporation that was formed to operate and manage the Carillon Resort Hotel. The Debtor filed its Bankruptcy Petition on June 24, 1987, and Chapter 11 proceedings were instituted thereafter. The Appellant, WILLIAM ROEMELMEY-ER, was appointed the Chapter 11 Trustee in Bankruptcy, and has continued in this capacity to date. The Trustee instituted an action in the United States Bankruptcy Court for the Southern District of Florida to ascertain which party held the leasehold interest to the property located at 6801 COLLINS AVENUE, MIAMI, FL.—the Debtor or the Falins/Appellees. This matter was tried before the Bankruptcy Court on May 18, 1988. The Bankruptcy Court rendered a Final Judgment in favor of the Appellees on June 21, 1988, wherein the Court concluded that the Appellees held the interest in the long-term lease together with the "current right to possession" of the Carillon Resort Hotel. Appellant filed the instant appeal with this Court on November 1, 1988.

*Facts*

After reviewing the record on appeal, it is the opinion of this Court that the Findings of Fact made by the Bankruptcy Court are supported by the evidence adduced at trial. Accordingly, this Court hereby adopts the factual determinations made by the Bankruptcy Court *in toto.*

Main Realty Holding Trust is the owner of certain real property located at 6801 Collins Ave., Miami Beach, Fl., upon which the Carillon Resort Hotel is located. The underlying real property at 6801 Collins Ave. is subject to a long-term lease agreement, for a 99 year term. By assignment, Gamel Properties, Inc. obtained the lessee's interest to the 99 year lease of this property. Gamel operated the Carillon Hotel for several years prior to 1987. During this time, Gamel subleased 251 units of the Carillon Resort Hotel to private individuals. Pursuant to the terms of these subleases, Gamel assumed management over the Carillon Resort Hotel.

The Debtor, 6801 COLLINS AVENUE, INC. d/b/a CARILLON RESORT HOTEL, is a Florida corporation that was formed to operate and manage the Carillon Resort Hotel. The Debtor assumed management over the Carillon Resort Hotel in 1986. Thereafter, it was contemplated by Gamel and the Debtor that the Debtor would assume the overall operation of the Carillon Hotel, including the rights under the long-term lease held by Gamel. On May 22, 1987, Gamel executed an assignment of the lessee's interest in the ground lease to the Debtor. Gamel delivered these documents to the Debtor on June 3, 1987.

The Appellees instituted an action against Gamel Properties, Inc. in state court in 1986. Appellees obtained a judgment against Gamel in the amount of $143,075 dollars on January 5, 1987, and recorded their judgment on that same date. Appellees then obtained a writ of execution and docketed it with the Sheriff of Dade County on March 30, 1987. The Sheriff levied on Gamel's interest in the long-term lease on that same date. The execution sale was initially scheduled to occur on May 3, 1987; however, the sale was continued in exchange for valuable consideration paid by the Debtor. At the request of the Debtor, the execution sale was rescheduled and conducted on June 24, 1987.

The Debtor commenced Chapter 11 proceedings on the morning of June 24, 1987, approximately one hour before the execution sale was to begin. Immediately prior to the sale, the Debtor appeared and announced that (1) Gamel had assigned its interest in the long-term lease to the Debtor, and (2) that the Debtor had filed its Petition for Bankruptcy. Despite this announcement, the Sheriff conducted the sale, and the Appellees bid for and received the Sheriff's Deed to the leasehold interest.

The Trustee instituted an action in the Bankruptcy Court for declaratory relief concerning (1) the validity and priority of liens in the property, and (2) the avoidance of post-petition transfers. After trial was held on this matter, the Bankruptcy Court concluded that the Sheriff's deed transferred good and valid title of the long-term lease to the Appellees. Accordingly, the Court held that the Appellees had rightfully acquired the interest in the long-term lease together with the current right to possession of the Carillon Resort Hotel. The Bankruptcy Court based its decision on the fact that the Appellees had (1) received a judgment against Gamel, (2) docketed this judgment with the Sheriff, and (2) delivered a writ of execution to the Sheriff on Gamel's leasehold interest, prior to the purported assignment of the leasehold interest from Gamel to the Debtor.

*Issues on Appeal*

Appellant has designated the following issues as those on appeal:

I. Whether the Bankruptcy Court erred in awarding Gamel Properties, Inc.'s leasehold interest and the right to current possession of the Carillon Resort Hotel to the Appellees.

II. Whether the Bankruptcy Court improperly awarded Appellees a leasehold interest greater than that possessed by their Judgment Debtor, Gamel Properties, Inc., at the time the writ of execution was docketed.

III. Whether the Bankruptcy Court erred in awarding the right to current possession of the Carillon Resort Hotel to the Appellees.

After a *de novo* review, this Court hereby affirms the decision of the Bankruptcy Court and sets forth the findings as follows:

*Discussion*

*I. The Bankruptcy Court did not err in awarding Gamel's leasehold interest and the right to current possession of the Carillon Resort Hotel to the Appellees.*

█ Appellant contends that Gamel Properties, Inc. transferred its leasehold interest to the Debtor prior to the delivery of the writ of execution to the Sheriff. Accordingly, Appellant contends that the Bankruptcy Court erred in awarding the leasehold interest and the right to current possession of the Carillon Resort Hotel to the Appellees, for this property was property of the Debtor's estate and not subject to levy and sale on execution. The Findings of Fact made by the Bankruptcy Court belie Appellant's argument.

The facts adduced at trial demonstrate that the Appellees delivered a writ of execution to the Sheriff on March 30, 1987, regarding the long-term lease for the property located at 6801 Collins Ave., Miami, Fl. Thereafter, Gamel Properties, Inc. assigned its interest in the lease to the Debtor on May 22, 1987. Thus, the Appellees delivered the writ of execution to the Sheriff prior to the assignment of the leasehold interest from Gamel to the Debtor.

It is well established that a lien attaches to leviable personal property when the writ of execution is delivered to the Sheriff. *Steinbrecher, d/b/a Sensational Displays v. Cannon*, 501 So.2d 659 (Fla. 1st DCA 1987). An execution lien binds all the debtor's property that is subject to levy and sale. *Accent Realty of Jacksonville, Inc. v. Crudele*, 496 So.2d 158 (Fla. 3d DCA 1986). Sale or assignment of a debtor's property subsequent to delivery of the writ of execution to the Sheriff does not destroy an execution lien. *Love v. Williams*, 4 Fla. 126 (1951). Accordingly, the Bankruptcy

Court properly held that the long-term lease held by Gamel was not assignable after March 1987—the date that Appellees delivered their writ of execution to the Sheriff—and that the Appellees properly acquired the interest in the long-term lease and the right to current possession of the Carillon Resort Hotel at the execution sale.

*II. The Bankruptcy Court did not award the Appellees a leasehold interest greater than that possessed by their Judgment Debtor, Gamel Properties, Inc. at the time the writ of execution was docketed.*

Appellant contends that Gamel Properties Inc. transferred its leasehold interest to the Debtor prior to the delivery of the writ of execution to the Sheriff. Appellant further contends that Gamel transferred to the Debtor all of its interest in the long-term lease, less one month. According to Appellant, Gamel retained only a one month reversionary interest in the lease upon which its Judgment Creditors, the Appellees, could levy.

As stated in the preceding discussion, the facts adduced at trial belie this argument. It has been established that Appellees delivered the writ of execution prior to Gamel's assignment of its interest in the lease to the Debtor. Accordingly, Gamel's entire interest in the long-term lease was properly subject to levy and sale on execution.

*III. The Bankruptcy Court did not err in awarding the right to current possession of the Carillon Resort Hotel to the Appellees.*

█ The Bankruptcy Court did not err in awarding the right to current possession of the Carillon Resort Hotel to the Appellees, for this right was incident to the leasehold interest which they validly acquired at the execution sale. Appellant asserts that the right to current possession is inextricably bound to Gamel's duty to manage the Carillon Hotel, and that Gamel's duty to manage was a contractual liability not properly subject to levy and sale on execution. Contrary to Appellant's assertion, this Court finds that Appellees rightfully acquired Gamel's interest in the long-term

lease together with all rights to possession and management in the Carillon Resort Hotel conveyed by said lease. In so holding, this Court hereby affirms the decision of the Bankruptcy Court. Upon careful review of the record, it is hereby

ORDERED AND ADJUDGED that the decision of the Bankruptcy Court is AFFIRMED.

DONE AND ORDERED.