**In re John T. TRODGLEN, Debtor.**

**John T. TRODGLEN, Plaintiff,**

v.

**Linda HASTINGS and Carol Henley, Defendant.**

**Bankruptcy No. 91–33361–BKC–RAM.
Adv. No. 92–0583–BKC–RAM–A.**

United States Bankruptcy Court, S.D. Florida.

June 16, 1993.

Allen R. Tomlinson, Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, FL, John A. Barley, John Barley & Associates, Tallahassee, FL, for Judgment Creditors.

Brad Culverhouse, Ft. Pierce, FL, Kevin Gleason, Kinsey & Gleason, P.A., Boca Raton, FL, for debtor.

Robert C. Furr, Trustee, Furr & Cohen, P.A., Boca Raton, FL.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT

ROBERT A. MARK, Bankruptcy Judge.

The Debtor filed this adversary proceeding to determine whether the Defendants, Linda Hastings and Carol Henley (the "Judgment Creditors") hold a claim in this bankruptcy case secured by the stock in Trodglen Paving, Inc. The stock is 100% owned by the Debtor and is thus property of this estate.

The Judgment Creditors filed a motion to dismiss. They argue that their judgment lien was perfected by docketing and recording a writ of execution with the Sheriff of Indian River County, Florida prior to the commencement of Debtor's bankruptcy case. The Court conducted a hearing on August 18, 1992 and the parties have filed memoranda of law. After consideration of the arguments presented in Court and in the memoranda submitted by the parties, upon review of the relevant case authority, and review of the applicable statutes, the Court announced its ruling on February 9, 1993 denying the motion to dismiss. The Court found that despite their diligent efforts to levy on the stock, the Debtor's bankruptcy petition was filed before the stock was physically seized. As such, the Trustee's hypothetical lien on the filing date has priority over the Judgment Creditors' unperfected lien against the stock. This memorandum opinion incorporates and supplements the Court's February 9, 1993 oral ruling.

### BACKGROUND FACTS

On November 7, 1989, the Leon County Circuit Court entered final judgment against the Debtor, John T. Trodglen ("Trodglen" or "Debtor") in the amount of $146,621.25 and authorized the Judgment Creditors to proceed with execution. On November 20, 1989, a certified copy of the final judgment was filed with the Florida Secretary of State's office. On May 1, 1990, a writ of execution on the final judgment was issued by the Leon County Circuit Court. On May 3, 1990, the Sheriff of Indian River County acknowledged receipt, docketing and recordation of the writ of execution.

In the course of discovery in aid of execution, the Judgment Creditors found that Trodglen was holding all of the authorized and issued shares of stock in Trodglen Paving, Inc. The Judgment Creditors then sought to levy on the shares of stock owned and held by Trodglen. The Sheriff was instructed to levy upon such stock at the business address of Trodglen Paving, Inc.

The Sheriff attempted to levy on the stock but was advised by the secretary at Trodglen Paving, Inc., that the stock could not be found and thus, the levy was re-

turned unexecuted. The Judgment Creditors then filed a motion to compel Trodglen to turn over all of the corporate stock which he owned. The state court entered an order on November 13, 1991, granting the motion and compelling Trodglen to turn over the stock no later than 4:30 p.m., on November 15, 1991. On November 15, 1991, just hours before the deadline, Trodglen filed a Chapter 13 Petition which stayed the state court proceedings.

Initially, the Debtor did not challenge the Judgment Creditors' lien on the stock. Instead, he filed a Chapter 13 plan which contemplated a "strip down." Under the plan, the Debtor sought to value the stock and then treat the judgment as a secured claim to the extent of the stock's value and the balance of the judgment as an unsecured claim.

After the parties had engaged in substantial discovery and burdened the Court with discovery disputes in preparation for a § 506 valuation hearing, the Debtor, after further research by his counsel, shifted theories and filed this adversary in June, 1992 asserting for the first time that the Judgment Creditors had no lien at all and were simply unsecured creditors.

During this entire period, the Court had under advisement the Judgment Creditors' motion to dismiss the bankruptcy case as a bad faith filing.

The underlying bankruptcy case veered to still another course when the Debtor voluntarily converted his Chapter 13 case to a Chapter 7 case in September, 1992. Prior to the conversion, on September 4, 1992, the Debtor filed a Chapter 11 petition for his corporation, Trodglen Paving, Case No. 92–32996.

Upon conversion, the decision to continue both the Trodglen Paving Chapter 11 and the prosecution of this adversary vested in the Chapter 7 Trustee. The Trustee has filed a pleading supplemented by statements in Court supporting the prosecution of this adversary. Although he has not yet formally intervened, the Court finds it appropriate to analyze the legal issue triggered by the motion to dismiss as if the Trustee had already been substituted as the plaintiff prosecuting the adversary for the benefit of the Chapter 7 estate.

### DISCUSSION

The Court's decision turns on the interplay between two Florida statutes, Chapter 56 which generally perfects a judgment lien on personal property upon the docketing of a writ of execution with the Sheriff; and § 678.317(1) which requires actual seizure of securities to perfect a judgment lien against corporate stock. In determining whether the Judgment Creditors' lien was perfected on the bankruptcy filing date, their rights must be compared to the rights of a hypothetical judgment lien creditor on that date since, under § 544 of the Bankruptcy Code, the Trustee is granted the status and rights of such a creditor. Thus the issue is framed—did the Judgment Creditors have a lien on the stock as of the filing date enforceable against another judgment lien creditor in existence on that date?

On May 3, 1990, prior to the filing date, the Judgment Creditors docketed a writ of execution with the Sheriff of Indian River County, Florida. At this point, the final judgment became a lien upon personal property owned by Trodglen including the stock in Trodglen Paving, Inc. *See* Chapter 56, Florida Statutes; *Goodyear Tire & Rubber Co. v. Daniell*, 72 Fla. 489, 73 So. 592 (1916); *Love v. Williams*, 4 Fla. 126 (1851); *Flagship State Bank of Jacksonville v. Carantzas*, 352 So.2d 1259, 1261 (Fla. 1st DCA 1977). A levy is not required to perfect the lien once it is delivered to the Sheriff for execution. *See In re Cone*, 11 B.R. 925 (Bankr.M.D.Fla.1981); *In re Vero Cooling & Heating, Inc.*, 11 B.R. 359 (Bankr.S.D.Fla.1981). Thus, the Judgment Creditors argue that their lien was perfected on the stock on the date the writ was docketed even though the Sheriff had not yet levied on the stock.

The Debtor and Trustee disagree. They argue that the Judgment Creditors' failure to properly perfect their interest in the stock as required by § 678.317(1) is fatal to their attempt to attach a lien on the stock.

§ 678.317(1), Florida Statutes, provides in relevant part:

> Subject to the exceptions in subsection (3) and (4), no attachment or levy upon a certificated security or any share or other interest represented thereby which is outstanding is valid until the security is actually seized by the office making the attachment or levy.

The underlying policy of the statute requires manually seizing securities for purposes of effecting a valid attachment, thereby eliminating the possibility of a security finding its way into a transferee's hands after an attachment attempt has been made. *See Neifeld v. Steinberg*, 438 F.2d 423 (3rd Cir.1972) (interpreting comparable Pennsylvania statute incorporating § 9–317 of the Uniform Commercial Code).

▇▇▇ The Court finds that the provisions of § 678.317(1) which specifically govern execution against corporate stock control over the provisions in Chapter 56 which generally apply to judgment liens on personal property. Despite their diligent efforts and a state court order compelling turnover, neither the Judgment Creditors nor the Sheriff had possession of the stock on the filing date of this bankruptcy case. Since the statute specifically provides that the attachment is not "valid until the security is *actually seized*," the Judgment Creditors did not have a perfected lien on the stock on the filing date. § 678.317(1), Florida Statutes (emphasis added).

Prior to the conversion of the Debtor's case to a case under Chapter 7, the Judgment Creditors possessed a colorable argument that the Debtor did not have standing to challenge perfection under § 678.317, citing *Knapp v. McFarland*, 462 F.2d 935, 942 (2d Cir.1972). The Court does not reach this issue since, without question, the Trustee has standing as a hypothetical judgment creditor to invoke the rights and protections of the statute.

The Court is concerned about the time and expense incurred by the Judgment Creditors in defending the Debtor's prior efforts to value the stock as part of a now abandoned Chapter 13 plan. Those issues have been addressed in a separate order arising out of the February 9, 1993 hearing which requires the Debtor to pay certain fees and expenses as a condition to denying the Judgment Creditors' motion to dismiss the main case as a bad faith filing. Moreover, these equitable concerns cannot prevent the Chapter 7 Trustee from asserting the rights of the other creditors of this estate by invoking applicable Florida law to invalidate the Judgment Creditors' alleged lien on an asset of the estate.

The parties agree and the Court finds that there are no factual issues requiring a trial. Therefore, upon appropriate motion, the Court will enter final judgment declaring that the Judgment Creditors do not have a lien on the stock.

For the foregoing reasons, it is

ORDERED as follows:

1. Defendants' motion to dismiss is denied.

2. The Trustee shall promptly file a motion to substitute as party plaintiff and a motion for entry of final judgment.

DONE AND ORDERED.