**Linda HASTINGS and Carol Henley, Appellants,**

v.

**Robert C. FURR, Trustee in Bankruptcy, Appellee.**

No. 93–8692–CIV.

United States District Court, S.D. Florida.

Feb. 7, 1995.

## MEMORANDUM OPINION AND ORDER AFFIRMING THE BANKRUPTCY COURT

ARONOVITZ, District Judge.

Appellants, Linda Hastings and Carol Henley, ("judgment creditors") appeal a final judgment issued by the Bankruptcy court in favor of the appellee, Robert C. Furr, chapter 7 trustee, ordering that they did not have a lien on the debtor's stock in Trodglen Paving, Inc. ("TPI") and that the unencumbered stock was property of the estate to be administered by the trustee, Furr.

### Factual Background

On November 7, 1989, the Leon County Circuit Court entered in favor of appellants a final judgment against the debtor, John T. Trodglen. The judgment creditors filed and recorded the judgment with the Clerk of the Circuit Court in Indian River County on November 20, and with the Florida Secretary of State November 30, 1989.

On May 1, 1990, the Leon County Circuit Court issued a Writ of Execution on the judgment. On May 3, the Sheriff of Indian River County acknowledged receipt, docketing and recordation of the writ. The judgment creditors later instructed the sheriff to levy upon all of Trodglen's shares of TPI stock at the business address of TPI.

On October 24, 1991, when the sheriff appeared at the TPI office requesting surrender of the shares, the corporate secretary advised the sheriff that the shares could not be found at the TPI office. The levy was returned unexecuted.[1]

By order dated November 13, 1991, the Leon County Circuit Court granted the judgment creditors' motion to compel Trodglen to surrender the TPI shares he owned and held. The order required that Trodglen deliver to the sheriff by 4:30 p.m. on November 15, 1991, all of the original shares of TPI stock issued. At 3:45 p.m. on November 15, 1991, Trodglen filed a chapter 13 petition with the U.S. Bankruptcy Court for the Southern Dis-

trict of Florida. He did not comply with the order.

### Procedural Background

On March 6, 1992, Trodglen filed a motion to determine secured status of claims, seeking valuation of the TPI stock. The motion asserted the judgment creditors' claim was undersecured to the extent that the amount of the judgment exceeded the value of the stock. On March 10, the judgment creditors responded and objected to plan confirmation. The record does not report the disposition of the motion.

On June 18, 1992, Trodglen filed with the bankruptcy court an adversary complaint to determine the validity, priority or extent of lien, suggesting that the lien on the stock was invalid. The judgment creditors moved to dismiss the complaint on several grounds.

After an August 18, 1992, hearing on the motion to dismiss, Judge Mark took the matter under advisement. On September 14, Trodglen filed a notice of voluntary conversion of the chapter 13 case to chapter 7. On September 15, the court converted the case and appointed Furr as chapter 7 trustee on September 17.

On June 16, 1993, Judge Mark entered an opinion and order denying the motion to dismiss the adversary complaint, 155 B.R. 601. The court denied the appellants' subsequent motion for reconsideration and rehearing.

On September 2, 1993, upon motion by Furr, the court substituted Furr as party plaintiff in the adversary proceeding. On September 3, Furr moved for entry of final judgment. On September 16, the bankruptcy court entered the final judgment in favor of the trustee, Furr. On September 20, 1993, the appellants initiated this appeal.

### Discussion

■ This case concerns one issue, whether the judgment creditors obtained a valid and perfected lien against shares of stock upon delivery of a writ of execution to the sheriff of the county in which the stock was presum-

---

1. The trustee asserts that although the debtor testified at his deposition that the shares were held at the TPI office, the sheriff's inability to locate them there illustrates an absence of proof that the shares were located there at any time during these proceedings. The Bankruptcy Court made no finding of fact regarding their locale. *See infra,* n. 2.

ably located.[2] The issue is purely a question of law, subject to *de novo* review. *In re Morris*, 950 F.2d 1531 (11th Cir.1992). Under this standard, the Bankruptcy Court decision, *In re Trodglen*, 155 B.R. 601 (Bankr. S.D.Fla.1993), should be affirmed.

The Bankruptcy Court noted that on May 3, 1990, when the judgment creditors docketed the writ of execution "the final judgment became a lien upon personal property owned by Trodglen including the stock in [TPI]," *Trodglen*, 155 B.R. at 603, because "levy is not required to perfect the lien once it is delivered to the Sheriff for execution." *Id.*

Ultimately, however, the court concluded that Florida Statute § 678.317(1), which specifically governs execution against corporate securities, supercedes Chapter 56, Fla.Stat., which generally applies to judgment liens on personal property. *Id.* at 604. The court based its final holding upon this conclusion, that § 678.317(1) requires actual seizure to perfect a lien against certificated stock. Because the sheriff did not seize the stock, the bankruptcy court held the judgment creditors did not obtain a perfected lien.

Section 56.061, Fla.Stat., entitled "Property subject to execution" provides:

Lands and tenements, goods and chattels, equities of redemption in real and personal property, and **stock in corporations, shall be subject to levy and sale under execution.** Likewise, the interest in personal property in possession of a vendee under a retained title contract or conditional sale contract shall be subject to levy and sale under execution to satisfy a judgment against the vendee. **This shall be done by making the levy on such personal property.**

6 Fla.Stat. 56.061 (emphasis added).

Section 678.317(1), Fla.Stat., entitled "Creditor's rights" provides:

■ Subject to the exceptions in subsection (3) and (4), **no attachment or levy upon a certificated security** or any share or other interest represented thereby which is outstanding **is valid until the security is actually seized** by the officer making the attachment or levy, but a certificated security which has been surrendered to the issuer may be reached by a creditor by legal process at the issuer's chief executive office in the United States.

39 Fla.Stat. 678.317(1) (emphasis added). The exceptions of subsections (3) and (4) are not relevant to this appeal.

The judgment creditors argue that the bankruptcy court made two erroneous conclusions: (1) that § 678.317(1) controls over § 56.061, and (2) that § 678.317(1) requires actual seizure to perfect a judgment lien against corporate stock.[3]

■ First, the judgment creditors contend that the bankruptcy court erroneously applied the Florida rule of statutory construction under which specific statutes prevail over conflicting general statutes, in the absence of legislative intent to the contrary. *See State v. Vizzini*, 227 So.2d 205 (Fla.1969); *Harley v. Board of Public Instruction*, 103 So.2d 111 (Fla.1958). They assert that because § 56.061 specifically subjects "stock in corporations" to execution, that particular section of Chapter 56 is more specific than § 678.317(1) with regard to the subject of obtaining and perfecting a judgment lien on corporate stock by means of execution.

Although § 56.061 specifies "stock in corporations" along with other categories of personal property, it governs generally personal property. Section 678.317, on the other hand, deals exclusively with stock in corporations. Thus, § 678.317, is actually the more specific of the two.

■ Second, the judgment creditors contend that the court's conclusion that

---

2. Furr argues that even if delivery of the writ established a lien on all property located in Indian River County, no evidence demonstrates that the stock was located there. The Bankruptcy Court made no factual finding that the stocks were held in Indian River County. This court does not reach that issue. *See supra,* n. 1.

3. The judgment creditors also argue that the trustee is equitably or judicially estopped from contesting the validity of the judgment lien against the debtor. Neither the sympathy of the bankruptcy court nor the actions of the debtor prior to the trustee's appointment preclude the trustee disputing the existence of a perfected lien.

§ 678.317(1) requires physical seizure to perfect a judgment lien on stock is erroneous. They assert, § 678.317(1) does not refer to creation, validity, or perfection of judgment liens, but instead provides only that physical seizure is required for a valid levy or attachment on stock. Because no levy or physical seizure is required to perfect a judgment lien, they contend levy and attachment are irrelevant to the determination of the validity of a judgment lien.

In reconciling these two statutes and Florida common law, some background is helpful. Originally, under American common law, shares of stock were not subject to execution. 30 Am Jur 2d, Executions § 143. A statutory change occurred with the adoption of Section 56.061, Fla.Stat., which specifically authorized execution of stock (and other personal property, generally) by levy and sale. Prior to Florida's adoption of the Uniform Commercial Code, under former sections 55.25 and 55.31, Fla.Stat., a creditor could secure execution and sale of stock in Florida corporations without the sheriff's taking possession of the certificates.[4] Now, the manner in which shares of stock may be executed is governed by § 678.317, Fla.Stat., as adopted from U.C.C. § 8–317.

■ Generally, Florida common law creates a lien on leviable personal property when a writ of execution is delivered to the sheriff of the county in which the personal property is located.[5] Section 56.061, Fla. Stat. makes shares of stock leviable property. Thus, without § 678.317(1), delivery of a writ of execution to the sheriff of the county where the stock is located would impose a lien upon the stock.[6] This is the judgment creditors' argument.

The judgment creditors assert that because § 678.317(1) concerns the validity of "levy," not a "lien," it is not relevant. This court disagrees. The statute must be read in its proper context. Generally, personal property is subject to execution. Section 56.061, Fla.Stat. Execution creates a lien on such personal property. Execution is done, and the lien is perfected, by levying on the property. *Id.* But, Florida common law holds that delivery of a writ of execution will generally suffice. For certificated stock, however, levy is not valid without actual seizure. § 678.317(1), Fla.Stat.

The comments to § 678.317(1) support this reading. They illustrate that the intent of the statute is to require seizure to perfect a lien. "Subsection (1) states the rule of the present statute for certificated securities which provides that a creditor's lien upon a certificated security is not valid until actual seizure." Section 678.317, Fla.Stat., Uniform Commercial Code Official Reasons for 1977 Change. The statute addresses the unique nature of certificated securities by affording them special treatment different from other types of leviable property.

In dealing with certificated securities the instrument itself is the vital thing, and therefore a valid levy cannot be made unless all possibility of the security's wrongfully finding its way into a transferee's hands has been removed. This can be accomplished only when the security is in the possession of a public officer, the issuer, or an independent third party ... Therefore, although injunctive relief is provided in subsection (6) so that creditors may use this method to gain control of the security, **the security itself must be**

---

**4.** § 678.317, Fla.Stat., Florida Code Comments, 1965 Enactment, by Sam G. Harrison, Jr.

**5.** *See Claude D. Reese, Inc. v. United States,* 75 F.2d 9 (5th Cir.1935); *Evins v. Gainesville Nat. Bank,* 80 Fla. 84, 85 So. 659, 660 (1920); *Goodyear Tire and Rubber Co. v. Daniell,* 72 Fla. 489, 73 So. 592 (1916); *Love v. Williams,* 4 Fla. 126 (1851); *Steinbrecher v. Cannon,* 501 So.2d 659, 660 (Fla. 1st DCA 1987); *Flagship State Bank of Jacksonville v. Carantzas,* 352 So.2d 1259, 1261 (1st DCA 1977). Appellants also cite bankruptcy court decisions in support of the proposition. *In*

*re 6801 Collins Ave.,* 96 B.R. 384, 387 (S.D.Fla. 1989); *In re Belize Airways, Ltd.,* 19 B.R. 840, 842 (S.D.Fla.1982); *In re Cone,* 11 B.R. 925, 928 (M.D.Fla.1981) (citing *Willard v. Petruska,* 356 F.2d 422 (5th Cir.1966)); *In re Vero Cooling & Heating, Inc.,* 11 B.R. 359, 360 (S.D.Fla.1981).

**6.** The court below looked to two other bankruptcy court decisions to support the conclusion: *In re Cone* 11 B.R. 925 (Bankr.M.D.Fla.1981), and *In re Vero Cooling & Heating, Inc.,* 11 B.R. 359 (Bankr.S.D.Fla.1981). *Trodglen,* 155 B.R. at 603.

**reached to constitute a proper levy whenever the debtor has possession.**[7]

Only requiring actual seizure to perfect a lien under the statute supports the statute's purpose of protecting both creditors and transferee from wrongful transfer by the debtor. That the trustee is not the intended beneficiary of this protection does not render the statute inapplicable; it must be applied uniformly.

## Conclusion

Certificated securities must be actually seized to perfect a creditor's lien against a debtor's certificated securities. § 678.317(1), Florida Statute. Although the judgment creditors served the writ of execution upon the sheriff of Indian County, the sheriff was unable to seize the certificated shares as required by § 678.317(1). Therefore, the judgment creditors failed to obtain a perfected judgment lien.

Accordingly, the decision of the Bankruptcy Court, *In re Trodglen*, 155 B.R. 601 (Bankr.S.D.Fla.1993), is hereby AFFIRMED.

DONE AND ORDERED.

---

**7.** § 678.317, Fla.Stat., Uniform Commercial Code Comment, Official Comment, Prior Uniform Statutory Provision: Sections 13, 14 Uniform Stock Transfer Act.